WILLIAMS *et al. v.* DUCK RIVER VALLEY NARROW GAUGE R. R. Co. *et al.*

1. DUCK RIVER VALLEY NARROW GAUGE R. R. CHARTER. The Charter of the Duck River Valley Narrow Gauge Railroad discussed, and held valid except as to powers sought to be conferred by it, which are included in the charters granted by the Legislature to the Nashville and Decatur and Tennessee and Alabama Railroad Companies.

2. SAME. *Marshall county bonds.* The bonds issued by Marshall county in payment of her subscription to the capital stock of said company, held valid and binding on the county.

FROM MARSHALL.

Appeal from the Chancery Court at Lewisburg. ————————, presiding.

CAMBELL, McEWEN & BULLOCK for complainants.

LEWIS BROS. and T. M. JONES for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed in Marshall county chancery court, by a large number of citizens of that county, who are tax payers, seeking perpetually to enjoin the collection of a tax levied to pay interest on bonds issued to said railroad company.

This company was organized, upon the petition of certain of the defendants, by the chancery court at Waverly, under the provisions of an act of 29th of

January, 1871, entitled, "An Act to authorize the chancery court to grant letters of incorporation." Upon a petition filed in the chancery court of Waverly, certain persons, therein named, were at June Term, 1871, by decree of said court, appointed commissioners for the purpose of taking the necessary preliminary steps, "to get subscriptions of stock towards constructing a railroad."

At November Term, 1872, a further decree was entered by the chancery court, reciting that a petition and amended petition had been filed, praying that the petitioners be incorporated by the style of Duck River Valley Narrow Gauge Railroad Company. The decree recites that the capital stock, to the amount of one hundred and fifty thousand dollars, had been subscribed towards building a narrow gauge from Johnsonville, Humphreys county, to Fayetteville, Lincoln county, Tennessee, the length of the railroad, including side-tracks, being about 130 miles, and the amount subscribed exceeding $1,000 per mile, which sum is all that is required by the amendment to the act of the 26th January, 1871, passed December 14, 1871, to authorize the chancery court to organize and form a company to build a narrow gauge railroad. After various recitals in the decree of the steps taken and acts done by the petitioners, the decree proceeds to organize the company with all the powers, &c., of the Tennessee and Alabama Railroad Company and Nashville and Decatur Railroad Company, and with all the rights, powers, &c., granted to railroad companies by the act

of the General Assembly, ch. 54, approved January 30th, 1871, and all amendments thereto.

Under the charter the company proceeded to obtain stock, and, upon their application, the county court of Marshall county submitted the question of subscribing $115,000 by the county to the stock of said company.

The people, at an election ordered and held, voted to take that amount of stock, and the bonds of the county were issued, and a large portion of them delivered to the company and expended in the construction of the road; several miles of the road were finished between Columbia and Lewisburg, and considerable grading was done, and other work completed and in progress, when in December, 1875, complainants filed their bill. Up to this time the taxes levied had been for several years paid. Admitting that the decree, organizing the company, is subject to criticism, yet it is manifest that the substantial purpose of that decree was to effect the organization of the company under the general powers conferred upon such corporations by the acts of the Legislature, and it appearing that the company had an organization under this charter, and had constructed a part of its road, and entered into contracts in the prosecution of its business, and was recognized, by the county court and tax-payers, as a subsisting organization, the validity and regularity of the proceedings by which the company was organized, will not be inquired into in this form of proceeding.

But we are of opinion that the charter is valid

as to all the powers conferred by the act of 1871, and the amendments thereto, but not as to any powers attempted to be conferred, which were included in the Nashville and Decatur and Tennessee and Alabama Railroad Company. Without reviewing in detail the proceedings incident to the subscription of stock by the county, we are of the opinion that no such irregularities occurred in the proceedings to that end as to invalidate the subscription. The record, though voluminous and made up in part of much irrelevant matter, has been examined carefully, and we are of opinion that the decree of the chancellor, dismissing complainants' bill, was correct, and it will be affirmed.